UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: CESSNA 208 SERIES AIRCRAFT PRODUCTS
LIABILITY LITIGATION
Patrick D. O'Brien, et al. v. Cessna Aircraft Co., et al., )
D. Nebraska, C.A. No. 8:09-40                             )   MDL No. 1721

## TRANSFER ORDER

**Before the entire Panel**[*]: Plaintiffs in an action pending in the District of Nebraska (*O'Brien*), joined by plaintiffs already in MDL No. 1721, move, pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001), to vacate our order conditionally transferring the action to the District of Kansas for inclusion in the MDL. Responding defendant Cessna Aircraft Co. opposes the motions to vacate.

After considering all argument of counsel, we find that this action involves common questions of fact with those actions previously transferred to the District of Kansas, and that transfer of the action to the District of Kansas for inclusion in MDL No. 1721 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. We further find that transfer is appropriate for reasons that we set out in our original order directing centralization in this docket. In that order, we held that the District of Kansas was a proper Section 1407 forum for actions sharing factual questions concerning the testing, design and manufacture of the same model of a Cessna aircraft and the aircraft's deicing system. *See In re Cessna 208 Series Aircraft Products Liability Litigation*, 408 F.Supp.2d 1349 (J.P.M.L. 2005).

In opposing transfer, plaintiffs principally argue that MDL No. 1721 is at an advanced stage, and that transfer of *O'Brien* will prejudice plaintiffs therein because they were not able to participate in discovery that has already taken place in the MDL. We respectfully disagree with this argument. One of the central purposes of centralization under Section 1407 is the elimination of duplicative discovery, *see, e.g., In re Land Rover LR3 Tire Wear Products Liability Litigation*, 598 F.Supp.2d 1384, 1385 (J.P.M.L. 2009), and a review of the *O'Brien* complaint demonstrates beyond question that discovery in the action will cover much of the same ground that has already been plowed in the MDL. Although some non-common issues may exist, transfer under the statute has the salutary effect of placing related actions before a single judge who can oversee a pretrial program that (1) allows pretrial proceedings with respect to any non-common issues to proceed concurrently with pretrial proceedings on common issues, and (2) ensures that pretrial proceedings are conducted in a streamlined manner leading to the just and expeditious resolution of all actions. *See id.* at 1386. That is especially true here, where the docket was created in December 2005, and the transferee judge has developed a close familiarity with

---
[*] Judge Vratil took no part in the disposition of this matter.

- 2 -

the allegations, issues, parties, and counsel. *See In re Crown Life Insurance Premium Litigation*, 178 F.Supp.2d 1365, 1366 (J.P.M.L. 2001) ("The transferee judge's familiarity with this docket furthers the expeditious resolution of the litigation taken as a whole.").

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, this action is transferred to the District of Kansas and, with the consent of that court, assigned to the Honorable Kathryn H. Vratil for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

J. Frederick Motz            Robert L. Miller, Jr.
Kathryn H. Vratil*           David R. Hansen
W. Royal Furgeson, Jr.       Frank C. Damrell, Jr.

ECF DOCUMENT
I hereby attest and certify that this is a printed copy of a document which was electronically filed with the United States District Court for the District of Kansas.
Date filed: 7-2-09
Clerk, U.S. District Court
By: _____ Deputy Clerk