DJW/jkm

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| IN RE:  CESSNA 208 SERIES AIRCRAFT  )<br>PRODUCTS LIABILITY LITIGATION            )<br>                                                                  )<br>**(This Document Relates to All Cases)**         )<br>                                                                  )<br>                                                                  )<br>_____)    | **MDL No: 1721**<br><br>**Case No.  05-md-1721-KHV-DJW** |

## SCHEDULING ORDER

On March 8, 2006, pursuant to Fed. R. Civ. P. 16(b), the Court conducted a scheduling conference in this case with the parties.[1] Plaintiffs appeared through liaison counsel Jerome L. Skinner and Orla M. Brady. Defendant Cessna Aircraft Company appeared through liaison counsel John C. Nettels, Jr. and Heather S. Woodson. Defendant Goodrich Corporation appeared through liaison counsel Craig L. Meadows and Paul E. Moran. The United States of America appeared through counsel Jill Rosa and Chris Medeiros.

After consultation with the parties, the court enters this scheduling order, summarized in the table that follows:

---

[1] As used in this scheduling order, the term "plaintiff" includes plaintiffs as well as counterclaimants, cross-claimants, third-party plaintiffs, intervenors, and any other parties who assert affirmative claims for relief. The term "defendant" includes defendants as well as counterclaim defendants, cross-claim defendants, third-party defendants, and any other parties who are defending against affirmative claims for relief.

| SUMMARY OF DEADLINES AND SETTINGS ||
|---|---|
| Event | Deadline/Setting |
| Plaintiff's settlement proposal | 7/3/2006 |
| Defendant's settlement counter-proposal | 8/3/2006 |
| Confidential settlement reports to magistrate judge | 8/17/2006 |
| Identification of agreed-upon mediator or other ADR neutral | 5/15/2006 |
| Mediation or other ADR process completed | 10/31/2006 |
| Settlement conference with court | N/A |
| Plaintiffs' index of documents to defendants | 4/15/2006 |
| All fact liability discovery completed | 3/1/2007 |
| Report to the court re: expert witnesses | 6/30/2006 |
| Supplementation of disclosures | N/A |
| Preliminary witness and exhibit disclosures | 11/1/2006 |
| Jointly proposed protective order submitted to court | 5/1/2006 |
| Motion and brief in support of proposed protective order (only if parties disagree about need for and/or scope of order) | 5/15/2006 |
| Defendant United States of America's answer due | 4/7/2006 |
| Motions to join additional parties or otherwise amend the pleadings | 10/1/2006 |
| Motions to dismiss for lack of personal jurisdiction, venue, propriety of the parties, or failure to state a claim | 11/1/2006 |
| All other potentially dispositive motions (e.g., summary judgment) | 6/1/2007 |
| Status conference | 7/10/2006 @ 2:00 PM |

**1.      Alternative Dispute Resolution (ADR).**

a.      By **July 3, 2006**, plaintiffs shall submit to defendant a good faith proposal to settle the case. By **August 3, 2006**, defendants shall make a good faith response to plaintiff's proposal, either accepting the proposal or submitting defendant's own good faith proposal to settle the case. By **August 17, 2006**, each of the parties shall submit independently, by way of e-mail or letter (preferably the former), addressed to the magistrate judge (but not the district judge), a confidential settlement report. These reports shall briefly set forth the parties' settlement efforts to date, current evaluations of the case, views concerning future settlement negotiations and the overall prospects for settlement, and a specific recommendation regarding mediation and/or any other ADR method, together with an indication concerning who has been selected by the parties (preferably jointly) to serve as a mediator or other neutral in an ADR process. These reports need not be served upon opposing parties and **shall not** be filed with the Clerk's Office. The court may thereafter order participation in an ADR process.

b.      Settlement may be enhanced by use of mediation. Counsel shall provide the name of an agreed-upon mediator to the court, and the scheduled date of the mediation by **May 15, 2006**; if the parties are unable to jointly agree upon a mediator, each shall suggest a mediator and then the court will select a mediator. The ADR process shall be held no later than **October 31, 2006**, before the mediator chosen by the parties or selected by the court. An ADR report, on the form located on the district's Internet website, must be filed by defense counsel within five days of the scheduled ADR process:  (*http://www.ksd.uscourts.gov/attorney/adr/adrreport.pdf*).

**2.     Discovery.**

a.     Plaintiffs shall provide to defendants an index of documents produced in other cases by **April 15, 2006** with a request regarding how the documents may be used in this litigation. The information required by Fed. R. Civ. P. 26(a)(1) is not required in this case.

b.     All **fact liability** discovery shall be commenced or served in time to be completed by **March 1, 2007**.

c.     The parties do intend to serve disclosures and discovery electronically, as permitted by D. Kan. Rules 5.4.2 and 26.3.

d.     Depositions of fact witnesses specific to the individual transferred cases may begin on **April 3, 2006**. Depositions of fact witnesses common to the transferred cases may begin **August 3, 2006**.

e.     Plaintiffs should be permitted only one opportunity to take the deposition of each Cessna or Goodrich employee who has personal knowledge of facts relevant to these cases. All depositions shall be governed by the written guidelines that are available on the court's Internet website: *(http://www.ksd.uscourts.gov/attorney/depoguidelines.pdf)*.

f.     The parties shall confer and attempt to reach an agreement on expert witness disclosures required by Fed. R. Civ. P. 26(a)(2) on MDL issues and shall report to the court by **June 30, 2006** on the status of their efforts to reach agreement. The issue will be discussed at the next status conference and an effort will be made to set a schedule for what expert witness disclosures are appropriate.

g.  All discovery in the MDL, both common discovery and discovery specific to the individual transferred cases, must be coordinated through liaison counsel. The Court appoints Jerome L. Skinner of Nolan Law Group as liaison counsel for plaintiffs. The Court appoints John C. Nettels and Heather S. Woodson of Stinson Morrison Hecker L.L.P., as liaison counsel for the Cessna defendants. The Court appoints Craig L. Meadows and Jason D. Scott of Hawley, Troxell, Ennis, & Hawley L.L.P. as its liaison counsel for the Goodrich defendants.

h.  Supplementations of disclosures under Fed. R. Civ. P. 26(e) are not required in this case.

i.  The parties shall serve preliminary witness and exhibit disclosures pursuant to Fed. R. Civ. P. 26(a)(3)(A) & (C) by **November 1, 2006**.

j.  Discovery in this case may be governed by a protective order. If the parties agree concerning the need for and scope and form of such a protective order, their counsel shall confer and then submit a jointly proposed protective order by **May 1, 2006**. Such jointly proposed protective orders shall include, in the first paragraph, a concise but sufficiently specific recitation of the particular facts in this case that would provide the court with an adequate basis upon which to make the required finding of good cause pursuant to Fed. R. Civ. P. 26(c). If the parties disagree concerning the need for, and/or the scope or form of a protective order, the party or parties seeking such an order shall file an appropriate motion and supporting memorandum by **May 15, 2006**.

k.  To avoid the filing of unnecessary motions, the court encourages the parties to utilize stipulations regarding discovery procedures. However, this does not apply to extensions

5

of time that interfere with the deadlines to complete all discovery, for the briefing or hearing of a motion, or for trial.  *See* Fed. R. Civ. P. 29; D. Kan. Rule 6.1(a).  Nor does this apply to modifying the requirements of Fed. R. Civ. P. 26(a)(2) concerning experts' reports.  *See* D. Kan. Rule 26.4(b).

**3.     Motions.**

    a.     The request of the United States for additional time to answer is granted and such answer shall be filed by **April 7, 2006**.

    b.     Any motion for leave to join additional parties or to otherwise amend the pleadings shall be filed by **October 1, 2006**.

    c.     Provided that such defenses have been timely preserved, any motions to dismiss for lack of personal jurisdiction, venue, propriety of the parties, or failure to state a claim upon which relief can be granted shall be filed by **November 1, 2006**.

    d.     All other potentially dispositive motions (e.g., motions for summary judgment) on MDL issues shall be filed by **June 1, 2007**.  Separate dispositive motions specific to the individual transferred cases, as well as evidentiary and other individual motions, may be filed in the transferor courts following remand.

    e.     Any motion to compel discovery in compliance with D. Kan. Rules 7.1 and 37.2 shall be filed and served within 30 days of the default or service of the response, answer, or objection which is the subject of the motion, unless the time for filing such a motion is extended for good cause shown.  Otherwise, the objection to the default, response, answer, or objection shall be waived.  *See* D. Kan. Rule 37.1(b).

**4.     Other Matters.**

      a.     Pursuant to Fed. R. Civ. P. 16(a), a status conference is scheduled for **July 10, 2006 at 2:00 p.m.** in the 6th floor conference room #659 at 500 State Avenue, Kansas City, Kansas.

      This scheduling order shall not be modified except by leave of court upon a showing of good cause.

      IT IS SO ORDERED.

      Dated this 10th day of March 2005, at Kansas City, Kansas.

                                    s/ David J. Waxse  
                                    David J. Waxse  
                                    U.S. Magistrate Judge

cc:     All counsel