## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| IN RE: CESSNA 208 SERIES AIRCRAFT ) <br> PRODUCTS LIABILITY LITIGATION ) <br> ) <br> (This Document Relates to All Cases) ) <br> ) <br> ) <br> ) <br> _____) | **MDL No: 1721** <br><br> **Case No: 05-md-1721-KHV-DJW** |

### DISCOVERY ORDER

At the March 30, 2007 status conference, the Court informed the parties it was taking the following issues under advisement: (1) the scope of discovery to be conducted in this multi-district litigation ("MDL"), and (2) whether any expert disclosures and discovery should proceed as part of the MDL. As discussed below, the scope of discovery to be conducted in the MDL should generally be broad and not limited to common MDL issues. Expert disclosures and discovery, however, should be limited to the common MDL issues of aircraft design and manufacture, and aircraft performance during icing conditions.

### I.     Scope of Discovery

The parties have raised the issue of the scope of discovery to be conducted in the MDL. After considering the issue, the Court determines that broad discovery should be allowed in the MDL action, and should not be limited to common issues among the individual cases. The Court's rationale for allowing broad discovery in the MDL action is that any individualized discovery conducted in the MDL can be used in the underlying cases when they are remanded back to the transferor courts. Allowing broad discovery in the MDL serves the purposes of transferring these

cases to this District for pretrial proceedings. Those purposes include the convenience of the parties and witnesses, promoting the just and efficient conduct of the litigation, eliminating duplicative discovery, preventing inconsistent pretrial rulings, and conserving the resources of the parties, counsel, and the judiciary. The original Transfer Order (doc. 1) from the Judicial Panel on Multidistrict Litigation expressly referenced the likelihood of "significant discovery" being conducted in this district due to common defendant Cessna being headquartered here. In accordance with the above-stated justifications for transferring the individual cases to the MDL, the Court finds that the scope of discovery to be conducted in the MDL should generally be broad and not limited to common MDL issues.

At the March 30, 2007 status conference, liaison counsel for the parties raised the issue of attendance at case-specific depositions. With regard to depositions related to the individual cases and not implicating any common MDL issues, counsel have the discretion to evaluate whether to attend these depositions. They may, but are not required to, take part in depositions that do not involve their individual case.

**II.     Expert Disclosures**

The parties disagree with regard to whether the Court should permit expert disclosures and discovery in the MDL action and have filed their respective proposals (docs. 45-47, 49, 51-55). The *Emmons, Morris, Fleck, Ingram, Villanueva,* and *Allan* Plaintiffs (hereinafter "the MDL Plaintiffs") propose that all issues subject to expert disclosures and opinions be discovered as part of these MDL proceedings prior to remand of the individual cases to the original transferor courts, and that each party see that its expert reports reflect the common issues, as well as issues solely related to each individual case. Conversely, defendants Cessna and Goodrich propose that the disclosure of expert

witnesses and discovery related to any expert testimony be deferred until after the MDL is concluded and the cases are remanded to the transferor courts.

Perhaps anticipating that the Court would accept neither proposal, the MDL Plaintiffs and defendants Cessna and Goodrich make similar alternative suggestions in the event the Court does not accept their first proposal. Their alternative suggestions require expert disclosures and discovery to be conducted in the MDL for "common issues" that arise in the individual cases. The parties, however, disagree on the procedure for defining the parameters of these "common issues."

The MDL Plaintiffs argue that expert disclosures and discovery should occur in the MDL on all the expert issues common to the transferred cases. They maintain that common issues and facts exist in each case and the Court should allow discovery and expert witness disclosures to be made that relate to two predominant questions: (1) Is the Cessna 208 series aircraft dangerous and defective in its design and manufacture, and (2) Do those defects become fatal when the aircraft encounters icing conditions? According to the MDL Plaintiffs, these questions arise in each of the individual cases and factually much expert consideration will address the presence of icing conditions and the effects of temperature. The MDL Plaintiffs propose that the Court order the parties to exchange and confer on the common MDL issues and to submit a joint proposal to the Court setting forth the areas of agreement and disagreement.

Defendants Cessna and Goodrich oppose the MDL Plaintiffs' proposal that the parties jointly develop a list of common MDL issues. They assert that identifying and articulating common issues should be the MDL Plaintiffs' responsibility and they should not be asked to devote their time and resources to helping the MDL Plaintiffs develop a list of common issues. They argue that the expert disclosures should be limited to the issues the Court determines, based on the present record, to be

common. Based on the present record, they contend that the MDL Plaintiffs have failed to state the common issues specifically enough to judge the merit of the proposals.

The Court finds that some expert disclosures and discovery should be conducted in the MDL rather than deferring all the expert disclosures and discovery until after the cases are remanded back to the transferor courts. The reasons for originally transferring the cases to the MDL support allowing expert disclosures and discovery on certain common MDL issues.

The Court further finds that the MDL Plaintiffs have sufficiently established the following are common MDL issues: aircraft design and manufacture, and aircraft performance during icing conditions. The Court recognizes that there may be additional common issues appropriate for expert disclosure and discovery in the MDL that were not set forth in the parties' briefing. If any party seeks to modify the Court's determination of the common MDL issues for purposes of expert disclosures and discovery, that party shall first confer with all parties toward developing an agreed list of common MDL issues. If the parties are unable to agree on a list of common issues, the party seeking the relief shall file a motion setting forth the proposed common MDL issues. Such motion shall be filed no later than **June 1, 2007**.

For the common MDL issues identified above, i.e., aircraft design and manufacture, and aircraft performance during icing conditions, the Court sets the following disclosure and discovery schedule:

(1) By **July 2, 2007**, Plaintiffs shall submit expert witness disclosures meeting the requirements of Fed. R. Civ. P. 26(a)(2), including the reports required by Rule 26(a)(2)(B) from retained expert witnesses.

(2) By **August 17, 2007**, Defendants shall submit expert witness disclosures, also

      meeting the requirements of Fed. R. Civ. P. 26(a)(2), in response to Plaintiffs' disclosures and reports.

(3) By **September 14, 2007**, Plaintiffs and Defendants shall submit disclosures for any rebuttal expert witnesses.

(4) All discovery related to "common issue" expert witnesses shall be completed by **October 15, 2007**, and disclosure of and discovery regarding additional experts, on issues other than those addressed by Plaintiffs' experts as common issues, will take place after remand to the transferor courts.

(5) The deadline for completion of all fact liability discovery is extended to **October 15, 2007**.

IT IS SO ORDERED.

Dated in Kansas City, Kansas on this 24th day of April, 2007.


                                        s/ David J. Waxse
                                        David J. Waxse
                                        United States Magistrate Judge


cc:    All counsel