# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| IN RE: CESSNA 208 SERIES AIRCRAFT | ) | MDL No. 1721 |
| PRODUCTS LIABILITY LITIGATION | ) | |
| | ) | Case No.: 05-md-1721-KHV |
| (This document relates to all cases.) | ) | |

## CASE MANAGEMENT ORDER

This Case Management Order shall govern this multi-district litigation as follows:

1. All discovery on individual case issues may continue until remand and after remand until the court on remand determines that it should be concluded.

2. Discovery taken in the MDL, including written discovery and depositions, may be used by any party to any case which has been or which is in the future transferred to the MDL.

3. No party in any case currently pending in the MDL or which is transferred to the MDL in the future shall repeat written discovery or depositions which have already been done in the MDL. Parties in cases currently pending in the MDL or which are transferred to the MDL in the future may propound written discovery or take additional depositions of the same witnesses, limited to new matters only.

4. Expert disclosures made in the MDL on "common MDL issue" expert witnesses shall be binding in all MDL cases.

5. Plaintiffs shall be permitted to complete the deposition of Cessna employee David Brant. Plaintiffs shall be allowed a total of eight hours for the deposition of Mr. Brant, including the time already spent in deposition on January 25, 2008.

6.     Plaintiffs shall be permitted to reopen the depositions of the following Cessna witnesses, but the depositions shall be limited to the issue or issues listed for each deponent:

- Brian Richardet -- stall warning issues
- Russ Williams -- stall warning issues
- Phil Hedrick -- DOA and certification
- Mike McClary -- DOA and certification.

7.     By **April 15, 2008,** or within 30 days of the date of the last of the depositions described in paragraphs 5 and 6 if those depositions are not completed by March 15, 2008, plaintiffs shall serve their Fed. R. Civ. P. 26(a)(2) disclosures and reports for expert witnesses reasonably expected to offer testimony or opinions on:  (a) design, testing, certification, manufacture, or operation of the Cessna Caravan 208 series aircraft or its components,[1] (b) aircraft performance during icing conditions, (c) corporate risk management, (d) corporate organization, (e) response to product claim issues, and (f) statistical and trend analysis in aircraft accident data[2] (heretofore and hereinafter referred to as "common MDL issues").

8.     By **June 16, 2008**, or within 90 days of the date of the last of the depositions described in paragraphs 5 and 6 if those depositions are not completed by March 15,

---

[1] For example, all experts retained by plaintiffs to offer testimony or opinions on aircraft certification; the Delegated Option Authority system; aircraft aerodynamics; aircraft design; warnings, including format, location and content of placards and information contained in the aircraft Pilot's Operating Handbook Airmen's Flight Manual; flight testing; anti-ice and de-icing system design, testing, and performance; and flight into known icing (FIKI) certification.

[2] See April 24, 2007 Discovery Order (doc. 208) and Stipulated Order on Disclosure and Discovery of Expert Witnesses in the MDL Proceedings (doc. 243).

2008, defendants shall complete any depositions of plaintiffs' "common MDL issue" expert witnesses.

9. By **June 30, 2008**, or within 105 days of the date of the last of the depositions described in paragraphs 5 and 6 if those depositions are not completed by March 15, 2008, defendants shall serve their Fed. R. Civ. P. 26(a)(2) disclosures and reports for their expert witnesses expected to testify on the "common MDL issues."

10. By **August 29, 2008**, or within 165 days of the date of the last of the depositions described in paragraphs 5 and 6 if those depositions are not completed by March 15, 2008, plaintiffs shall complete any depositions of defendants' "common MDL issue" expert witnesses.

11. All discovery to be done in the MDL shall close by **September 2, 2008**, or within 168 days of the date the last of the depositions described in paragraphs 5 and 6 if those depositions are not completed by March 15, 2008,

12. A final pretrial conference regarding the "common MDL issues" is scheduled for **2:00 p.m.** on **September 12, 2008**, before Magistrate Judge David J. Waxse and will be held by teleconference. The Court will initiate the conference call to counsel identified in the proposed pretrial order at the telephone contact numbers listed on the docket. The parties shall submit via e-mail to the magistrate Judge (but not file with the Clerk's Office) their joint proposed pretrial order by **September 5, 2008**. The proposed pretrial order shall be in the form (revised December 2006) available on the Court's website (*www.ksd.uscourts.gov*).

13. Potentially dispositive motions (e.g., motions for summary judgment) and motions to exclude testimony of expert witnesses pursuant to Fed. R. Evid. 702-705, *Daubert v. Merrell Dow Pharmaceuticals, inc.*, 509 U.S. 579 (1993), *Kumho Tire Co. v. Carmichael*, 526

U.S. 137 (1999), or similar case law, may be filed by **September 30, 2008**, for consideration in the MDL.  Summary judgment motions, as well as motions to exclude testimony of expert witnesses, evidentiary and other individual motions may also be filed in the individual cases in the transferor courts following remand.

14. For cases transferred to the MDL after January 1, 2007, and before April 30, 2008, any motion for leave to join additional parties or otherwise to amend the pleadings shall be filed by **May 30, 2008**.

15. For cases transferred to the MDL after January 1, 2007, and before April 30, 2008, provided that such defenses have been timely preserved, any motions to dismiss for lack of personal jurisdiction, venue, propriety of the parties, or failure to state a claim upon which relief can be granted shall be filed by **June 30, 2008**.

16. For cases transferred to the MDL after January 1, 2007, and before April 30, 2008, the parties shall serve preliminary witness and exhibit disclosures pursuant to Fed. R. Civ. P. 26(a)(3)(A) and (C) by **July 30, 2008**.[3]

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas on this 19th day of February, 2008.

s/ David J. Waxse
David J. Waxse
United States Magistrate Judge

---

[3] Paragraphs 14, 15 and 16 of this Case Management Order shall not apply to *Melo-Ferrer*, D. Kan. No. 07-2511.  The Court will set appropriate deadlines for *Melo-Ferrer* after Cessna Finance's pending motion to dismiss is resolved.