IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| IN RE: CESSNA 208 SERIES AIRCRAFT ) | |
| PRODUCTS LIABILITY LITIGATION ) | MDL No: 1721 |
| ) | |
| This Document Relates To All Cases ) | Case No: 05-md-1721-KHV |
| ) | |
| _____ ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on <u>Plaintiffs' Motion For Separation Of The Issue Of Airworthiness Pursuant To Federal Rule Of Civil Procedure Rule 42(b)</u> (Doc. #604) filed October 17, 2008. For reasons stated below, the Court overrules plaintiffs' motion.[1]

When civil actions involving one or more common questions of fact are pending in different districts, the Multidistrict Litigation Panel ("MDL Panel") may transfer such cases to any district for "coordinated or consolidated pretrial proceedings." 28 U.S.C. § 1407(a). At or before the conclusion of such pretrial proceedings, the MDL Panel must remand each action so transferred to the district from which it was transferred unless it shall have been previously terminated. <u>Id.</u> The statute essentially charges that before the MDL Panel transfers the cases back to the original court, the transferee court must get the cases "trial-ready." <u>Solis v. Lincoln Elec. Co.</u>, No. 04-cv-17363, 2006 WL 266530, at *3 (N.D. Ohio Feb. 1, 2006). The Supreme Court has emphasized that a district court conducting MDL pretrial proceedings has no authority to transfer the cases to itself under Section 1404(a), but instead – upon completion of consolidated pretrial proceedings – must

---

[1] Plaintiffs request oral argument on the motion. See <u>Plaintiffs' Motion For Separation Of The Issue Of Airworthiness Pursuant To Federal Rule Of Civil Procedure Rule 42(b)</u> (Doc. #604) at 1; <u>Plaintiffs' Reply In Support Of Their Motion For Separate Trial On The Issue Of Airworthiness Pursuant To Federal Rule Of Civil Procedure Rule 42(b)</u> (Doc. #646) filed December 5, 2008 at 1. The Court finds that oral argument will not materially assist in the disposition of the motion. Accordingly, the Court overrules plaintiffs' request for oral argument.

remand any remaining actions to their "originating court[s]" for trial. " Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26, 34-35 (1998).

Under Rule 42(b), Fed. R. Civ. P., plaintiffs maintain that this Court has authority to try a common issue in an MDL proceeding. Rule 42(b) permits separate "trials" for convenience, to avoid prejudice or to expedite and economize. Rule 42(b) cannot, however, be used to expand the limited authority of an MDL transferee court. See 15 Charles Alan Wright et al., Federal Practice & Procedure § 3866 (2008) (Rule 42 motion to consolidate actions in transferee court not proper because jurisdiction of transferee court cannot be extended to affect matters related to trial or subsequent stages of action). Absent consent of the parties, this Court must remand the cases which plaintiffs filed in other district courts.[2] See Manual for Complex Litigation (Fourth) § 20.132 (2004) (transferee court lacks jurisdiction to conduct trial in cases transferred solely for pretrial proceedings); In re Urethane Antitrust Litig., MDL No. 1616, 2006 WL 2709847, at *2 (D. Kan. Sept. 20, 2006) (transferee court lacks authority to order separate trials under Rule 42(b)); In re New Motor Vehicles Canadian Export Antitrust Litig., 235 F.R.D. 127, 146 n.72 (D. Me. 2006) (absent parties consent, cases returned to their respective districts for trial), vacated on other grounds, 522 F.3d 6 (1st Cir. 2008); cf. Manual for Complex Litigation (Fourth) § 22.36 (transferee court has authority to try test cases originally filed in transferee district or re-filed in or transferred to that district); In re Carbon Dioxide Indus. Antitrust Litig., 229 F.3d 1321, 1325-26 (11th Cir. 2000) (trial

---

[2] The Court remains willing to consider other alternatives which are consistent with Lexecon including a bellwether trial or intercircuit assignment. Plaintiffs have filed a motion for summary judgment on the specific issue of airworthiness of the Cessna 208B. See Plaintiffs' Motion For Summary Judgment On The Issue Of Airworthiness (Doc. #731) filed January 30, 2009. After the Court resolves the pending motions in this matter, the parties may wish to re-visit potential alternatives to transferring the cases back to their original district.

-2-

in transferee court permitted by stipulation), cert. denied, 532 U.S. 920 (2001); In re Brand-Name Prescription Drugs Antitrust Litig., 264 F. Supp.2d 1372, 1377 n.4 (J.P.M.L. 2003) (transferee court may try action if parties waive right to remand).  The Court therefore overrules plaintiffs' motion for a separate trial on the issue of airworthiness.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion For Separation Of The Issue Of Airworthiness Pursuant To Federal Rule Of Civil Procedure Rule 42(b) (Doc. #604) filed October 17, 2008 be and hereby is **OVERRULED**.

Dated this 19th day of February, 2009 at Kansas City, Kansas.

                                                    s/ Kathryn H. Vratil
                                                    KATHRYN H. VRATIL
                                                    United States District Judge