IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| IN RE: CESSNA 208 SERIES AIRCRAFT ) | |
| PRODUCTS LIABILITY LITIGATION ) | MDL No: 1721 |
| ) | |
| ) | Case No: 05-md-1721-KHV |
| (This Document Relates To All Cases) ) | |
| _____) | |

**MEMORANDUM AND ORDER**

This matter concerns several air disasters involving the Cessna 208 Series aircraft. Plaintiffs filed suit against Cessna Aircraft Company and Goodrich Corporation seeking damages for personal injuries and wrongful death. The Judicial Panel on Multidistrict Litigation ("MDL Panel") later transferred the various actions to this Court for consolidated pretrial proceedings. This matter is before the Court on Cessna Aircraft Company's Motion *In Limine* To Exclude The Expert Testimony Of Alan Strudler (Doc. #722) filed January 30, 2009. For reasons stated below, the Court sustains Cessna's motion.

**Factual Background**

Plaintiffs allege product liability claims on behalf of themselves and the estates of decedents. In particular, plaintiffs allege that ice accumulation on the Cessna 208 Caravan aircraft was a factor in various crashes. Plaintiffs allege that Cessna and Goodrich negligently designed and/or manufactured the de-icing system on the aircraft. Plaintiffs also allege that Cessna breached express and implied warranties and fraudulently disclosed data about the aircraft certification.

Alan J. Strudler, one of plaintiffs' designated experts, has a Ph.D. in philosophy and a Juris Doctor degree. He is an Associate Professor and Director of the Ethics Program at the Wharton School, University of Pennsylvania. Dr. Strudler opines that Cessna violated a fundamental principle of ethics by failing to inform Caravan pilots, passengers and crew of (1) the lethal risks

involved with the stall warning system, (2) the accident rate of the Caravan in icy weather conditions, (3) the defective certification process of the Caravan and (4) the true safety characteristics of the Caravan. See Expert Report of Alan Strudler at 11-12. His expert report provides in part as follows:

> 1.      In their development of a stall warning system and in communications about that system, senior engineers and managers at Cessna demonstrated a clear and abiding pattern of wrongful disregard for the well-being of Cessna Caravan pilots, passengers, and crew. This pattern corresponds to a culture at Cessna that demonstrates a wrongful disregard for the well-being of the flying public; it shows that Cessna's safety-related communication to the flying public were aimed at marketing aircraft, not flying safety. * * *
>
> 2.      Cessna officers and engineers wrongly exposed pilots and passengers to lethal risk by failing to do statistical or other analyses of the comparative accident rate of Caravans and other aircraft that routinely fly in icy conditions. This failure reflects not only wrongful behavior of individuals within Cessna, but a defective corporate culture. * * *
>
> 3.      Cessna's role in FAA safety certification of the Caravan was not conscientiously executed; it wrongly exposed Caravan pilots, passengers, and crews to lethal risk. * * *
>
> 4.      For insubstantial reasons, Cessna chose not to make feasible improvements in the Caravan's de-icing system. It therefore breached its obligations to the flying public.

Id. at 5, 7-8, 10.

Cessna argues that Dr. Strudler is not qualified to render an expert opinion, and seeks to exclude his testimony under Rule 702, Fed. R. Evid., and Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579 (1993).

## Analysis

A district court conducting MDL pretrial proceedings has no authority to transfer the cases to itself under Section 1404(a), but instead – upon completion of consolidated pretrial proceedings

– must remand any remaining actions to their originating courts for trial. Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26, 34-35 (1998). Plaintiffs argue that Cessna's motion in limine is premature and that each transferor court would be better suited to determine the issue. As explained in prior orders, part of this Court's duty to get cases "trial-ready" includes evidentiary rulings on common issues. Solis v. Lincoln Elec. Co., No. 04-cv-17363, 2006 WL 266530, at *3 (N.D. Ohio Feb. 1, 2006). The purpose of a motion in limine is to aid the trial process by enabling the Court "to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." United States v. Cline, 188 F. Supp.2d 1287, 1291 (D. Kan. 2002) (quoting Palmieri v. Defaria, 88 F.3d 136, 141 (2d Cir. 1996)) (further citations omitted). Pretrial rulings often may save time at trial, as well as save the parties time, effort and cost in trial preparation. See Cline, 188 F. Supp.2d at 1291. The Court recognizes that in many cases, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in the proper context. See Sperberg v. Goodyear Tire & Rubber Co., 519 F.2d 708, 712 (6th Cir. 1975) (though in limine rulings can save time, cost, effort and preparation, court usually better situated during trial to assess evidence), cert. denied, 423 U.S. 987 (1975); Rettiger v. IBP, Inc., No. 96-4015-SAC, 1999 WL 318153, at *2 (D. Kan. 1999) (court almost always better situated during actual trial to assess value and utility of evidence).

Here, plaintiffs intend to introduce the expert testimony of Dr. Strudler in all cases. Plaintiffs have not specified how further discovery would impact the Court's ruling on the admissibility of such testimony. Accordingly, in an effort to provide guidance before trial, the Court makes the following findings and ruling. This ruling is subject to evidence which the parties present at trial.

Cessna argues that Dr. Strudler is not qualified to render an expert opinion. Under Rule 702 of the Federal Rules of Evidence, the trial court must act as a gatekeeper and determine at the outset, pursuant to Rule 104(a), Fed. R. Evid., whether the expert is proposing to testify to (1) scientific knowledge that (2) will assist the trier of fact to understand or determine a fact in issue. Daubert, 509 U.S. at 592. This entails a preliminary assessment whether the reasoning or methodology underlying the testimony is scientifically valid and whether that reasoning or methodology properly can be applied to the facts in issue. Id. Rule 702 provides as follows:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

The decision whether to admit or exclude expert testimony is committed to the sound discretion of the district court. Latshaw v. Mt. Carmel Hosp., 53 F. Supp.2d 1133, 1136 (D. Kan. 1999); see Kieffer v. Weston Land, Inc., 90 F.3d 1496, 1499 (10th Cir. 1996). The touchstone of Rule 702 is helpfulness of the expert testimony, a condition that goes primarily to relevance. See BioCore, Inc. v. Khosrowshahi, 183 F.R.D. 695, 699 (D. Kan. 1998) (quoting Miller v. Heaven, 922 F. Supp. 495, 501 (D. Kan. 1996)). Any doubts should be resolved in favor of admissibility. See id.

Cessna does not dispute that Dr. Strudler is qualified as a business ethicist, but it claims that his testimony would not be helpful to the jury in this particular case. Cessna's argument is well taken. Dr. Strudler opines that Cessna failed to act as a conscientious corporation, maintained a defective corporate culture, violated fundamental principles of ethics and compromised basic moral rights. These opinions would not assist the jury; they are not directly relevant to plaintiffs' product

liability claims and they may tend to mislead or confuse the jury. Indeed, plaintiffs concede that Dr. Strudler opines not on the Cessna Caravan, but on the "corporate conduct behind it." Plaintiffs' Response (Doc. #803) filed March 16, 2009 at 12. The Court agrees substantially with the ruling on similar expert opinions in In re Rezulin Products Liability Litig., 309 F. Supp.2d 531 (S.D.N.Y. 2004) as follows:

> At their core . . . the witnesses' opinions regarding ethical standards . . . articulate nothing save for the principle that research sponsors should be honest. Even if charitably viewed as a "standard," the testimony nevertheless is "so vague as to be unhelpful to a fact-finder." * * *
>
> Even assuming that the ethics testimony were based on a reliable foundation, it would not assist the fact-finder in determining any factual dispute in this case. The principal issues here are whether the defendants breached their legal duties to the plaintiffs in the manufacturing, labeling and marketing of Rezulin and, if so, whether any such breaches were proximate causes of injury. While the defendants may be liable in the court of public opinion, or before a divine authority for any ethical lapses, expert opinion as to the ethical character of their actions simply is not relevant to these lawsuits. * * *
>
> Even assuming that the proposed ethics testimony were reliable and marginally relevant under Rule 702, it would be likely unfairly to prejudice and confuse the trier by introducing the "experts'" opinions and rhetoric concerning ethics as alternative and improper grounds for decision on bases other than the pertinent legal standards.

Rezulin, 309 F. Supp.2d at 543-44; see Dibella v. Hopkins, 403 F.3d 102, 121 (2005) (excluding expert testimony that it was unethical to solicit payment because real issue was whether payment was bribe and whether recipient believed it was bribe), cert. denied, 546 U.S. 939 (2005); In re Welding Fume Products Liability Litig., No. 03-cv-17000, 2005 WL 1868046, at *2 (N.D. Ohio Aug. 8, 2005) (jurors decide vast majority of claims against corporations without help of expert business ethicist including product liability claims in MDL actions); Concord Boat Corp. v. Brunswick Corp., No. LR-C-95-781, 1998 WL 35254137, at *1 (E.D. Ark. Mar. 2, 1998) (despite ethical evaluation of defendant's conduct, if conduct does not meet legal standards for claims,

defendant not liable; jury may incorrectly assume breach of "ethical obligation" equals violation of legal standard).

Plaintiffs argue that other courts have admitted testimony similar to that of Dr. Strudler's. See Plaintiffs' Response (Doc. #803) at 24 (citing Reis v. Barley, Snyder, Senft & Cohen LLC, No. 05-cv-01651, 2008 WL 2653670 (E.D. Pa. July 3, 2008) and Cvicker v. Meyer, No. 05-c-0576, 2008 WL 927574 (E.D. Wis. Apr. 4, 2008)). In Reis, the district court permitted a legal ethics expert to testify whether a law firm breached a "recognized standard of professional conduct" by concurrently representing two or more parties in the same matter whose interests were materially adverse to each other. Id. at *6. Reis was a non-jury case and the testimony of the ethics expert was relevant to plaintiff's claims against a law firm for breach of fiduciary duty, professional negligence, tortious interference with contractual relations and breach of contract. In Cvicker, the district court permitted a police expert to testify that a law enforcement officer did not follow established police protocols, law enforcement training and state law. The testimony in Cvicker was relevant to plaintiff's Fourteenth Amendment claim that a police officer violated his rights based on the manner in which he executed a search warrant. Here, the MDL cases will be tried to a jury and plaintiffs have not shown how Dr. Strudler's opinions about conscientious corporations directly relate to the product liability claims against Cessna. Accordingly, the Court must exclude Dr. Strudler's expert opinion under Rule 702, Fed. R. Evid., and Daubert.

**IT IS THEREFORE ORDERED** that Cessna Aircraft Company's Motion *In Limine* To Exclude The Expert Testimony Of Alan Strudler (Doc. #722) filed January 30, 2009, be and hereby is **SUSTAINED**.

Dated this 12th day of May, 2009 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge