# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| IN RE: CESSNA 208 SERIES AIRCRAFT ) | |
| PRODUCTS LIABILITY LITIGATION ) | **MDL No: 1721** |
| ) | |
| ) | **Case No: 05-md-1721-KHV** |
| **(This Document Relates Only To** ) | |
| **O'Brien v. Cessna Aircraft Co., D. Kan. No. 09-2352)** ) | |
| _____) | |

## MEMORANDUM AND ORDER

Plaintiffs have filed suit against Cessna Aircraft Company and others seeking damages for personal injuries and wrongful death arising from an air disaster involving the Cessna 208 Series ("C208") aircraft in Alliance, Nebraska. The Judicial Panel on Multidistrict Litigation ("MDL Panel") transferred this action to this Court for consolidated pretrial proceedings along with cases arising from six other air disasters involving the C208. See Transfer Order (Doc. #1) filed in O'Brien v. Cessna Aircraft Co., D. Kan. No. 09-2352. This matter is before the Court on The O'Brien Plaintiffs' Motion For Issuance Of A Suggestion Of Remand To The JPML To Return This Case To The District Of Nebraska For Adjudication Of Motion To Remand (Doc. #893) filed August 12, 2009. For reasons stated below, the Court overrules plaintiffs' motion.

Plaintiffs ask this Court to remand this action to the District of Nebraska so that that court can decide plaintiffs' motion to remand to state court for lack of jurisdiction. For substantially the reasons stated in Cessna's Memorandum In Opposition To The O'Brien Plaintiffs' Motion For Suggestion Of Remand (Doc. #895) filed August 26, 2009 and in the MDL Panel's Transfer Order (Doc. #1 filed in D. Kan. No. 09-2352), the Court overrules plaintiffs' motion.

The Court notes that the MDL Panel and the Tenth Circuit Court of Appeals considered and rejected each of plaintiffs' arguments why O'Brien should not be part of the MDL and why the District of Nebraska should hear plaintiffs' motion to remand to state court. Plaintiffs have not

shown a change of circumstances which would compel a different result. For this Court to immediately suggest that the case be remanded to the District of Nebraska would potentially thwart the well-reasoned decision by the MDL Panel to include O'Brien as part of this MDL. Moreover, a suggestion of remand at this stage would significantly delay the proceedings. Assuming that Cessna would object to the suggestion of remand, the proceedings before the MDL Panel likely would delay this case at least several additional months. In the end, the MDL Panel likely would decide, consistent with its prior order, that O'Brien should remain part of this MDL for consolidated pretrial proceedings.

A transferee court ordinarily issues a suggestion of remand at the conclusion of pretrial proceedings when "its role in the case has ended." In re Ins. Brokerage Antitrust Litig., MDL No. 1663, 2009 WL 1874085, at *2 (D.N.J. June 30, 2009) (quoting In re Integrated Res. v. Integrated Res. Equity Corp., 851 F. Supp. 556, 562 (S.D.N.Y. 1994)). The MDL Panel will remand a case before the completion of pretrial proceedings only on a showing of good cause. In re Integrated Res., 851 F. Supp. at 562 (citing In re Holiday Magic Sec. & Antitrust Litig., 433 F. Supp. 1125 (J.P.M.L. 1977)).

Here, plaintiffs have not shown good cause for remand of this case before participation in consolidated proceedings. Plaintiffs argue that many of the cases in this MDL are at an advanced stage while plaintiffs only recently filed the O'Brien case. Even so, the MDL Panel and this Court believe that O'Brien should be a part of consolidated proceedings. See Transfer Order at 1. In particular, including O'Brien as part of this MDL will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. See id. In addition, the MDL Panel recently proposed to transfer a case arising from an eighth air disaster involving the C208B

near Columbus, Ohio. See Friedman v. Castle Aviation, S.D. Ohio No. 2:09-749. Friedman appears to be at an early stage in the proceedings and if the MDL Panel transfers Friedman to this Court, the issues in that case would likely overlap with the issues in O'Brien.

**IT IS THEREFORE ORDERED** that The O'Brien Plaintiffs' Motion For Issuance Of A Suggestion Of Remand To The JPML To Return This Case To The District Of Nebraska For Adjudication Of Motion To Remand (Doc. #893) filed August 12, 2009 be and hereby is **OVERRULED**.

Dated this 4th day of November, 2009 at Kansas City, Kansas.

> s/ Kathryn H. Vratil
> KATHRYN H. VRATIL
> United States District Judge