### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| IN RE: CESSNA 208 SERIES AIRCRAFT    )<br>PRODUCTS LIABILITY LITIGATION         )<br>                                                              )<br>                                                              )<br>(This Document Relates To All Cases)      )<br>_____)  | MDL No: 1721<br><br>Case No: 05-md-1721-KHV |

### MEMORANDUM AND ORDER

Plaintiffs have filed suit against Cessna Aircraft Company and Goodrich Corporation seeking damages for personal injuries and wrongful death arising from six air disasters involving the Cessna 208 Series ("C208") aircraft.[1]  The MDL Panel transferred the actions to this Court for consolidated pretrial proceedings.  This matter is before the court on <u>Plaintiffs' Motion For Summary Judgment On The Issue Of Airworthiness</u> (Doc. #731) filed January 30, 2009 as to all cases.  For reasons stated below, the Court overrules plaintiffs' motion.[2]

### Legal Standards

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.  <u>See</u> Fed. R. Civ. P. 56(c);

---

[1]  On June 8, 2009, after the parties briefed the issues in the instant motion, the Judicial Panel on Multidistrict Litigation ("MDL Panel") transferred a case arising from a seventh air disaster in Alliance, Nebraska.  <u>See</u> <u>Transfer Order</u> (Doc. #1) filed in <u>O'Brien v. Cessna Aircraft Co.</u>, D. Kan. No. 09-2352.  In addition, the MDL Panel recently proposed to transfer a case arising from an eighth air disaster involving the C208B near Columbus, Ohio.  <u>See</u> <u>Friedman v. Castle Aviation</u>, S.D. Ohio No. 2:09-749.

[2]  Cessna filed a motion for leave to file a surreply memorandum.  <u>See</u> <u>Cessna Aircraft Company's Motion For Leave To File Surreply To Reply Memorandum In Support Of Plaintiffs' Motion For Summary Judgment On The Issue Of Airworthiness And Product Defect</u> (Doc. #885) filed June 22, 2009.  Because the Court finds that plaintiffs' motion is not well taken, it overrules as moot Cessna's request to file a surreply.

accord Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986); Vitkus v. Beatrice Co., 11 F.3d 1535, 1538-39 (10th Cir. 1993). A factual dispute is "material" only if it "might affect the outcome of the suit under the governing law." Anderson, 477 U.S. at 248. A "genuine" factual dispute requires more than a mere scintilla of evidence. Id. at 252.

The moving parties bear the initial burden of showing the absence of any genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Hicks v. City of Watonga, 942 F.2d 737, 743 (10th Cir. 1991). Once the moving parties meets their burden, the burden shifts to the nonmoving party to demonstrate that genuine issues remain for trial as to those dispositive matters for which it carries the burden of proof. Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc., 912 F.2d 1238, 1241 (10th Cir. 1990); see Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986); Bacchus Indus., Inc. v. Arvin Indus., Inc., 939 F.2d 887, 891 (10th Cir. 1991). The nonmoving party may not rest on its pleadings but must set forth specific facts. Applied Genetics, 912 F.2d at 1241.

The Court must view the record in a light most favorable to the party opposing the motion for summary judgment. Deepwater Invs., Ltd. v. Jackson Hole Ski Corp., 938 F.2d 1105, 1110 (10th Cir. 1991). Summary judgment may be granted if the nonmoving party's evidence is merely colorable or is not significantly probative. Anderson, 477 U.S. at 250-51. "In a response to a motion for summary judgment, a party cannot rely on ignorance of facts, on speculation, or on suspicion, and may not escape summary judgment in the mere hope that something will turn up at trial." Conaway v. Smith, 853 F.2d 789, 794 (10th Cir. 1988).

**Factual Background**

The Court has previously set forth the background related to the certification of the C208B.

See Memorandum And Order (Doc. #927) filed November 9, 2009 at 3-8. In addition, the following material facts are uncontroverted or, where controverted, set forth in a light most favorable to Cessna:

The FAA certified the C208B through an amendment to FAA Type Certificate Data Sheet A37CE, which was the original type certificate for the C208. As part of its type certificate, Cessna must comply with all applicable federal aviation regulations ("FARs"). FARs require that aircraft have a clear and distinctive stall warning which may be furnished either through the inherent aerodynamic qualities of the airplane or a device that will give clearly distinguishable indications under expected conditions of flight. See 14 C.F.R. § 23.207.

In 1987, Cessna revised its production flight test ("PFT") specification related to the calibration of the C208B stall warning horn.[3] The PFT did not properly account for converting calibrated airspeed to indicated airspeed. Some of the stall warnings were therefore set too low, so the warning horn did not provide the pilot adequate warning to avoid a stall. In particular, the stall warning margin was less than five knots calibrated airspeed in the affected aircraft (i.e. below the minimum five to ten knot range which the FARs required).

In 2005 and 2006, at the FAA's request, Cessna performed flight tests on the C208 and C208B. Cessna noted that when it attached artificial ice shapes to the test aircraft, the aural stall warning horn did not sound before stall when the aircraft decelerated gradually, at one knot per second to stall. In all cases, however, the aural stall warning did sound when the aircraft entered a stall rapidly and aerodynamic buffet (low frequency airframe vibration) preceded the stall.

---

[3] The stall warning horn alerts the pilot of an impending stall so that the pilot can take action – such as increasing airspeed or changing the plane's angle – to avoid a stall.

Accordingly, in those circumstances, the warning consistently provided a recognizable indication of imminent stall.  In natural icing conditions, the stall warning horn always preceded the stall. Based on these tests, the FAA asked Cessna to examine its production specification for calibrating the stall warning system on the C208B.

To determine how many C208B aircraft were affected by the miscalibration, Cessna reviewed production flight test records for some 1,200 model C208B aircraft.  Based on this survey, Cessna concluded that it had not properly calibrated the stall warning system on three of the six accident aircraft in this case (those in Russia, Texas and Washington).  The survey, however, showed that Cessna had properly calibrated the stall warning systems on the other three accident aircraft in this case (those in Arizona, Idaho and Manitoba).

Plaintiffs bring product liability claims on behalf of themselves and the estates of decedents, alleging that ice accumulation on the C208 series aircraft was a factor in various crashes.[4]  Plaintiffs allege that Cessna and Goodrich negligently designed and/or manufactured the aircraft, so that it loses control while flying in icing conditions.  Plaintiffs also allege that Cessna breached express and implied warranties and fraudulently disclosed data about the aircraft certification.  Plaintiffs seek partial summary judgment on the issues of airworthiness and product defect.

## Analysis

Plaintiffs seek findings that as a matter of law, the C208B was not airworthy and was defective because (1) Cessna did not properly calibrate the stall warning system on the aircraft and (2) the FAA issued airworthiness directives ("ADs") which expressed concern that the C208B is

---

[4] The lawsuits which are currently part of this MDL involve the model C208B.  The C208 series includes the C208B and earlier models C208 and C208A.

unsafe in icing conditions.

Cessna first argues that plaintiffs cannot seek summary judgment on only a portion of a claim. This argument is without merit. Especially in an MDL proceeding, such motions can be useful in addressing discrete issues which are common to the underlying cases. In this particular case, however, deciding whether Cessna failed to properly calibrate the stall warning system would not materially advance the MDL cases. Because the parties have not engaged in discovery on case-specific issues, plaintiffs' present motion does not address whether the miscalibration of the stall warning system caused any of the six accidents in this MDL. It would be premature to address whether the stall warning system was defective when plaintiffs have not specifically alleged or presented evidence that such a defect caused the various accidents. The issue of product defect is therefore better left to the transferor courts after the close of case-specific discovery.

Plaintiffs' motion also lacks substantive merit. As noted, plaintiffs seek a finding that the six C208B aircraft were not airworthy and were defective because Cessna had not properly calibrated their stall warning systems. An aircraft is airworthy if it (1) conforms to its type certificate and (2) is in a condition for safe operation. 49 U.S.C. § 44704(d); 14 C.F.R. § 3.5(a). Accordingly, an aircraft that does not comply with its type certificate is not airworthy even if it may be in condition for safe operation. See Morton v. Dow, 525 F.2d. 1302, 1307 (10th Cir. 1975) (aircraft which does not comply with type certificate not airworthy even if safe); In the Matter of USAir, Inc., FAA Order No. 92-48, 1992 WL 753156, at *2 (July 22, 1992) (same); In the Matter of Watts Agricultural Aviation, FAA Order No. 91-8, at *7 (Apr. 11, 1988) (same). Plaintiffs have not shown how non-compliance with the C208B type certificate related to the stall warning system

would establish any portion of their product liability claims.[5]  Furthermore, Cessna has raised a genuine issue of material fact whether the stall warning systems were miscalibrated on three of the six MDL accident aircraft.  Plaintiffs have presented evidence that the specification for the entire fleet of C208B aircraft was incorrect and that all aircraft therefore had stall warning systems which were improperly calibrated.  On the other hand, Cessna has shown that it reviewed the production flight test records of some 1,200 model C208B aircraft – including the six MDL accident aircraft – and determined that only three of the six had an improper stall warning margin.  See Declaration of Dustin Smisor ¶¶ 7-8, attached as Exhibit A-10 to Cessna's Memorandum Opposing Plaintiffs' Motion For Summary Judgment On The Issue Of Airworthiness And Product Defect (Doc. #851) filed April 20, 2009.  Cessna has demonstrated a genuine issue of material fact whether it properly calibrated three of the six accident aircraft.  The Court therefore overrules plaintiffs' motion for a finding that the C208B aircraft were not airworthy and were defective because Cessna did not properly calibrate the stall warning system.

In an attempt to show product defect, plaintiffs also rely on various ADs which Cessna argues are inadmissible as subsequent remedial measures.  Even if the ADs are admissible, plaintiffs must show that the stated concerns in the ADs are correct.  See Sievers v. Beechcraft Mfg. Co., 497 F. Supp. 197, 201 (E.D. La. 1980) (to prevail, plaintiff must prove that AD was correct and aircraft suffered from defect, and further show causal connection between defect and crash).  For example, in contrast to the ADs, Cessna has presented evidence that based on its flight tests, even if it miscalibrated the stall warning system on the six accident aircraft, a warning horn nevertheless

---

[5]  At this stage, compliance with the type certificate appears to be a red herring where the relevant issue is whether the C208B was defective.

should have preceded a stall in all natural icing conditions.  Cessna therefore has demonstrated a genuine issue of material fact whether the C208B aircraft was unsafe.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion For Summary Judgment On The Issue Of Airworthiness (Doc. #731) filed January 30, 2009 be and hereby is **OVERRULED**.

**IT IS FURTHER ORDERED** that Cessna Aircraft Company's Motion For Leave To File Surreply To Reply Memorandum In Support Of Plaintiffs' Motion For Summary Judgment On The Issue Of Airworthiness and Product Defect (Doc. #885) filed June 22, 2009 be and hereby is **OVERRULED**.

Dated this 16th day of November, 2009 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge