**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| IN RE CESSNA 208 SERIES AIRCRAFT        ) | |
| PRODUCTS LIABILITY LITIGATION            ) | MDL NO. 1721 |
|                                                                    ) | |
| (This Document Relates Only to                 ) | |
| *O'Brien, et al., v. Cessna Aircraft Company,*  ) | Case No. 05-md-1721-KHV |
| *et al.,* No. 09-CV-2352)                               ) | |

**SUMMARY ORDER IN PREPARATION FOR REMAND**

In preparation for the expected remand of *O'Brien, et al., v. Cessna Aircraft Company, et al.*, Case No. 09-CV-2532, the Court enters this Order to summarize the proceedings in the MDL with regard to this case.

**I.    Case Summary**

This case arises from the February 8, 2007, crash of a Cessna 208B Caravan aircraft near Alliance, Nebraska, which injured the pilot, Patrick O'Brien. The *O'Brien* case was originally filed on January 23, 2009, in Nebraska state court. The plaintiffs are Patrick O'Brien, Marilyn O'Brien, Catherine L. O'Brien, Rachel M. O'Brien and Amy E. O'Brien. The defendants are Cessna Aircraft Company ("Cessna"), Goodrich Corporation, named in the petition as Goodrich Aerospace Company ("Goodrich"), Suburban Air Services, Inc. ("Suburban"), Pratt & Whitney Canada Corporation ("Pratt & Whitney Canada"), and Textron, Inc. ("Textron"). Goodrich asserts that it was incorrectly named in Plaintiffs' Complaint.

Cessna removed the case to the United States District Court for the District of Nebraska under the federal officer removal statute, 28 U.S.C. § 1442(a), and the removal statute, 28 U.S.C. § 1441. On February 3, 2009, the O'Brien Plaintiffs filed a motion to remand for lack of federal jurisdiction, which remains pending. Defendant Cessna then filed a Notice of Tag Along Action with the Judicial Panel on Multidistrict Litigation ("JPML"), and on February 20, 2009,

the JPML entered a Conditional Transfer Order. The O'Brien Plaintiffs' motion to vacate the Conditional Transfer Order was denied and the JPML entered its Transfer Order on June 8, 2009. The O'Brien Plaintiffs then petitioned the Court of Appeals for the Tenth Circuit for a writ of mandamus, challenging the Transfer Order on the bases that plaintiffs' substantive rights were affected by transferring the case before a finding of federal jurisdiction and that plaintiffs' Due Process rights were violated. The Court of Appeals denied the O'Brien Plaintiffs' petition on August 2, 2009. Before this case was transferred into the MDL, the MDL Court issued a series of orders and opinions related to the consolidated proceedings which are summarized below in accordance with this Court's December 9, 2009 and December 16, 2009 Orders directing counsel to submit a jointly proposed order which summarizes the proceedings in this MDL case. The parties disagree whether the orders entered before *O'Brien* was transferred to the MDL should apply to the *O'Brien* case. The O'Brien Plaintiffs would like to preserve their objections to federal jurisdiction over this matter and to the retroactive application of orders entered in the MDL in their absence and intend to address these matters after this case is remanded to the District of Nebraska.

## II.     Alternative Dispute Resolution

To date the parties have not engaged in a formal alternative dispute resolution procedure in this case. The O'Brien Plaintiffs and Cessna, through their counsel, have held in-person and telephonic settlement discussions and have exchanged settlement offers and counter-offers over a period of several months. This exchange culminated in an exchange of written proposals in late September and early October 2009. However, the O'Brien Plaintiffs and Cessna were unable to reach a settlement.

**III.    Discovery**

    **A.    Framework for discovery in MDL and after remand**

The Court has entered the following orders regarding discovery (Pretrial Order on MDL Issues (Doc. 768)[1] at 111, ¶ 19.b.):

    1.    All discovery on individual case issues may continue until remand and after remand until the court on remand determines that it should be concluded.

    2.    Discovery taken in the MDL, including written discovery and depositions, may be used by any party to any case which has been or is in the future transferred to the MDL.

    3.    No party in any case currently pending in the MDL or which is transferred to the MDL in the future shall repeat written discovery or depositions which have already been done in the MDL.  Parties in cases currently pending in the MDL or which are transferred to the MDL in the future may propound written discovery or take additional depositions of the same witnesses, limited to new matters only.

    4.    The MDL Plaintiffs may use the depositions taken of Cessna employees in *Cox v. Cessna Aircraft Co.*, Case No. CV-04-525019 (Court of Common Pleas, Cuyahoga County, Ohio); *O'Neill v. Cessna Aircraft Co.*, Case No. CV-03-974 (Circuit Court of Jefferson County, Alabama) and *Fry v. Cessna Aircraft Co.*, Case No. 67-199130-03 (District Court, Tarrant County, Texas) (collectively, the "Designated Cases") as if taken in the MDL.

    5.    Plaintiffs will not be permitted to re-depose those Cessna employees already deposed in the Designated Cases, except on matters which have arisen since the dates of their depositions in the Designated Cases.

---

[1] All docket numbers used in this Order refer to the MDL Docket, D. Kan. 05-1721.

6. The parties have not waived any objections to any questions asked at the depositions in the Designated Cases, whether as to form or otherwise, and the parties may raise any objections to the admissibility of the testimony in the depositions at the trials of the MDL actions.

7. Nothing in paragraphs 4 through 7 of this section limits the parties' ability to call witnesses at trial whether or not a witness was previously deposed.

### B. Status of common issue discovery

The MDL Plaintiffs have taken 24 common issue depositions.[2] Cessna has taken nine common issue depositions.[3] Cessna has responded to eight sets of requests for production of documents on common issues and one set of common issue interrogatories from plaintiffs. The MDL Plaintiffs have propounded no common issue written discovery on Goodrich, Pratt & Whitney Canada, Suburban or Textron. Defendants have propounded no common issue written discovery on plaintiffs.

### C. Status of discovery specific to *O'Brien*

The parties have not engaged in formal discovery specific to this case. In connection with settlement discussions, the O'Brien Plaintiffs have provided information to Cessna about the nature and extent of Mr. O'Brien's injuries and the medical expenses he and his family have

---

[2] Gerald Baker (FAA), Arnold Barnett (Cessna expert), Michael Bragg (Cessna expert), David Brant (Cessna), Robert Busto (FAA), Michael Gallagher (Cessna expert), Joel Glunt (Cessna), Phil Hedrick (Cessna), Ed Holmes (Cessna expert), Jim Hoppins (Cessna), Tom Jordan (Cessna expert), David Kohlman (Goodrich expert), Chad Martin (Cessna), Michael McClary (Cessna), Tommy McFall (Cessna expert), Steven McNew (formerly Cessna), Wayne Nelson (Cessna expert), Bob Rice (Cessna), Brian Richardet (Cessna), Gregory Rincker (Cessna), Michael Selig (Cessna expert), Larry Timmons (Cessna expert), Larry VanDyke (Cessna), Russ Williams (Cessna).

[3] Douglas Herlihy (plaintiffs' expert), Peter Hildebrand (plaintiffs' expert), Robert Mauro (plaintiffs' expert), William Rieke (plaintiffs' expert), Ronald Stearman (plaintiffs' expert), Alan Strudler (plaintiffs' expert), William Twa (plaintiffs' expert), Max Vermij (plaintiffs' expert), William Waldock (plaintiffs' expert).

incurred in treating those injuries. In addition, the parties and some of their expert witnesses have inspected the airplane wreckage, some of which has been tested by the experts.

### D. Orders and stipulations regarding discovery

1. Discovery order regarding scope of discovery and expert disclosures in MDL, 4/24/07 (Doc. 208)

2. Stipulated order as to use of depositions from other cases, 1/23/07 (Doc. 146)

## IV. Expert Disclosures and Discovery

### A. Framework for expert disclosures and discovery

The Court has entered the following orders regarding expert disclosures and discovery (Pretrial Order on MDL Issues (Doc. 768) at 111, ¶ 19.b.):

1. Expert disclosures made in the MDL on "common MDL issue" expert witnesses shall be binding in all cases currently pending in the MDL and in cases which are transferred to the MDL in the future. The O'Brien Plaintiffs do not agree that cases filed after the date of the Pretrial Order should be bound by the expert disclosures made in the MDL, inasmuch as those plaintiffs and their representative counsel will not have been of record or consenting to the disclosures made while their case was an MDL case.

2. "Common MDL issue" expert witnesses are those who are reasonably expected to offer testimony or opinions on the following: (a) design, testing, certification, manufacture, or operation of the Cessna Caravan 208 series aircraft or its components,[4]

---

[4] For example, all experts retained by plaintiffs to offer testimony or opinions on aircraft certification; the Delegation Option Authorization system; aircraft aerodynamics; aircraft design; warnings, including format, location and content of placards and information contained in the aircraft Pilot's Operating Handbook/Airmen's Flight Manual; flight testing, anti-ice and de-icing system design, testing, and performance; and flight into known icing (FIKI) certification.

(b) aircraft performance during icing conditions, (c) corporate risk management, (d) corporate organization, (e) response to product claim issues, and (f) statistical and trend analysis on aircraft accident data.

        3.      The current or former employees of a defendant corporation shall not be considered defendants' "common issue" experts and are therefore excluded from disclosure and discovery as expert witnesses in the MDL.  However, defendant's employees, if called in an individual case to offer expert opinions, must be disclosed and identified as expert witnesses in individual cases after remand as any other expert witness would be.

        4.      Expert witnesses expected to offer opinions or testimony on issues unique to each individual accident and not listed in paragraph 2 above shall be disclosed and made available for discovery after the cases have been remanded from the MDL to the transferor districts.  Such "case specific" experts will include those offering testimony or opinions on pilot performance; accident reconstruction; weather; accident aircraft maintenance; system performance, including engine and deicing system performance; accident investigation; crew resource management; human factors; economics and accounting (damages); medicine; and psychology.

        5.      Motions to exclude testimony of expert witnesses, evidentiary and other individual motions may also be filed in the individual cases in the transferor courts following remand.

    **B.**    **Common issue expert disclosures**

Plaintiffs disclosed the following common issue expert witnesses (Plaintiffs' Federal Rule of Civil Procedure Rule 26(a)(2) Expert Disclosure, 4/14/08 (Doc. 402)):

        1.      Douglas R. Herlihy

2. Peter Hildebrand, Ph.D. (excluded by Doc. 910)

3. Robert Mauro, Ph.D.

4. William Rieke (certain opinions excluded or limited by Doc. 927)

5. Ronald Stearman, Ph.D. (certain opinions excluded by Doc. 927)

6. Alan Strudler, Ph.D. (excluded by Doc. 866)

7. William R. Twa, Jr. (certain opinions excluded or limited by Doc. 927)

8. Max Vermij (withdrawn by Doc. 709)

9. William Waldock (certain opinions limited by Doc. 916; issues of relevance, helpfulness and admissibility of other accidents deferred to transferor courts)

Defendant Cessna disclosed the following common issue expert witnesses (Cessna's Notice of Service of Common Issue Expert Reports, 7/31/08 (Doc. 534); Cessna's Notice of Service of Common Issue Expert Disclosures, 8/29/08 (Doc. 564)):

1. Arnold Barnett, Ph.D.

2. Michael B. Bragg, Ph.D.

3. Michael Gallagher

4. Edward W. Holmes

5. Thomas E. Jordan

6. Tommy McFall

7. Wayne B. Nelson, Ph.D.

8. Michael S. Selig, Ph.D.

9. Larry J. Timmons

Defendant Goodrich disclosed the following common issue expert witness (Goodrich Corporation's Notice of Service of Common MDL Issues Expert Report (Doc. 563)):

       1.     David L. Kohlman, Ph.D.

**C.**    **Orders regarding expert disclosure and discovery**

       1.     Discovery order regarding scope of discovery and expert disclosures in MDL, 4/24/07 (Doc. 208)

       2.     Stipulated order as to disclosure and discovery of expert witnesses, 6/12/07 (Doc. 243)

       3.     Order sustaining plaintiffs' motion to withdraw Max Vermij as expert witness, 1/27/09 (Doc. 709)

       4.     Order overruling plaintiffs' motion to exclude expert testimony of Edward Holmes, 4/30/09 (Doc. 860)

       5.     Order overruling Goodrich's motion to preclude expert testimony faulting Goodrich for the allegedly defective design of the Caravan 208B, 5/5/09 (Doc. 861)

       6.     Order sustaining Cessna's motion to exclude expert testimony of Alan Strudler, 5/12/09 (Doc. 866)

       7.     Order overruling plaintiffs' motion to exclude expert testimony of Nelson, Barnett, Holmes, Selig and McFall, 6/9/09 (Doc. 878)

       8.     Order sustaining Cessna's motion to exclude expert testimony of Peter Hildebrand, 9/9/09 (Doc. 910) and order denying reconsideration, 11/4/09 (Doc. 924)

       9.     Order overruling Cessna's motion to exclude expert testimony of William D. Waldock, 9/30/09 (Doc. 916)

       10.    Order overruling Cessna's motion to exclude expert testimony of Douglas R. Herlihy and sustaining in part and overruling in part motions to exclude expert testimony of William R. Twa, Jr., William J. Rieke and Ronald O. Stearman, 11/9/09 (Doc. 927)

### D. Deadlines regarding expert disclosures and discovery

1. Plaintiffs' Fed. R. Civ. P. 26(a)(2) disclosures and reports for expert witnesses reasonably expected to offer testimony or opinions on common MDL issues were due April 15, 2008. Case Management Order (Doc. 368).

2. Defendants' Fed. R. Civ. P. 26(a)(2) disclosures and reports for expert witnesses reasonably expected to offer testimony or opinions on common MDL issues were due July 31, 2008. Amended Case Management Order (Doc. 463).

3. Any parties' disclosures of any rebuttal experts on common MDL issues were due on September 14, 2007. Discovery Order (Doc. 208).

4. Discovery regarding common MDL issue experts closed November 21, 2008. Third Amended Case Management Order (Doc. 590).

## V. Amendments and Potentially Dispositive Motions

### A. Framework for amendments and dispositive motions

1. No deadlines for motions for leave to join additional parties or otherwise to amend the pleadings or for motions to dismiss for lack of personal jurisdiction, venue, propriety of the parties, or failure to state a claim upon which relief can be granted have been set in this case.

2. The MDL Court has entered the following order regarding dispositive and *Daubert* motions (Pretrial Order on MDL Issues (Doc. 768) at 111, ¶ 19.b.):

a. Summary judgment motions, as well as motions to exclude testimony of expert witnesses, evidentiary and other individual motions may also be filed in the individual cases in the transferor courts following remand.

9

C.  **MDL orders specific to *O'Brien***

   1.  Order overruling plaintiffs' motion for issuance of suggestion of remand to JPML, 11/4/09 (Doc. 923)

   2.  Order regarding settlement conference and remand, 12/9/09 (Doc. 940)

   3.  Order administratively terminating pending motions, 1/15/10 (Doc. 957)

D.  **MDL orders common to all cases**

   1.  Order overruling plaintiffs' motion for summary judgment on issue of airworthiness, 11/16/09 (Doc. 935)

VI. **Other Items**

   A.  **MDL orders on motions in limine**

   1.  Order sustaining Cessna's motion in limine to exclude NTSB documents, 4/27/09 (Doc. 856)

   2.  Order sustaining, in part, Cessna's motion in limine to exclude certain FAA documents, 9/1/09 (Doc. 897)

   B.  **Other MDL orders common to all cases**

   1.  Protective order, 5/1/06 (Doc. 19)

   2.  Case management order, 2/19/08 (Doc. 368)

   3.  Amended case management order, 6/17/08 (Doc. 463)

   4.  Second amended case management order, 9/10/08 (Doc. 574)

   5.  Third amended case management order, 10/2/08 (Doc. 590)

   6.  Order regarding lists of elements in pretrial order, 1/23/09 (Doc. 693)

   7.  Order denying plaintiffs' motion for separate trial on airworthiness, 2/19/09 (Doc. 754)

        8.      Pretrial order on MDL issues, 2/25/09 (Doc. 768)

**C.**    **Witness and exhibit lists**

Neither preliminary nor final witness and exhibit disclosures pursuant to Fed. R. Civ. P. 26(a)(3)(A) have been filed in this case. See Pretrial Order on MDL Issues (Doc. 768) at 106, ¶ 14(a).

**D.**    **Pending motions in *O'Brien***

On January 15, 2010, the Court directed the Clerk to administratively terminate the following pending motions due to the impending remand of this case to the District of Nebraska. (Doc. 957). The Court declined to rule on these motions and will transfer them back to the District of Nebraska when the JPML remands this case. *Id.*

        1.      Motion to remand for lack of jurisdiction by plaintiffs (Doc. 899)

        2.      Motion to dismiss defendant Textron Inc. by Textron Inc. (Doc. 906)

<u>February 8, 2010</u>                                       <u>s/ Kathryn H. Vratil</u>
Date                                                            Kathryn H. Vratil
                                                                 United States District Judge

Submitted and approved by:

THE WOLK LAW FIRM


By:     s/ Bradley J. Stoll
        Arthur Alan Wolk
        Bradley J. Stoll
        1710-12 Locust Street
        Philadelphia, Pennsylvania 19103
        (215) 545-4220
        airlaw@airlaw.com

ATTORNEYS FOR O'BRIEN PLAINTIFFS


STINSON MORRISON HECKER LLP


By:     s/ Heather S. Woodson
        John C. Nettels, Jr., KS Bar # 12383
        Heather S. Woodson, KS Bar # 13513
        10975 Benson, Suite 550
        Overland Park, Kansas 66206
        (913) 451-8600
        jnettels@stinson.com
        hwoodson@stinson.com

LIAISON COUNSEL FOR DEFENDANT
CESSNA AIRCRAFT COMPANY AND
COUNSEL FOR DEFENDANT TEXTRON INC.

THOMPSON HINE LLP

By: s/ Andrew H. Cox
Elizabeth B. Wright
Andrew H. Cox
3900 Key Center
127 Public Square
Cleveland, OH  44114
(216) 566-5500
Elizabeth.Wright@ThompsonHine.com
Andrew.Cox@ThompsonHine.com

LAMSON, DUGAN AND MURRAY, LLP

William R. Johnson
10306 Regency Parkway Drive
Omaha, NE  68114-3743
(402) 397-7300
wjohnson@ldmlaw.com

COUNSEL FOR DEFENDANT
GOODRICH CORPORATION

ROBERT E. O'CONNOR, JR.

s/ Robert E. O'Connor, Jr.
Robert E. O'Connor , Jr.
2433 South 130th Circle
Omaha, Nebraska 68144
(402) 330-5906
Fax: (402) 330-9763

COUNSEL FOR RESPONDENT SUBURBAN AIR SERVICES, INC.

DB03/761456.0066/9348189.1 PF06

CASSEM, TIERNEY, ADAMS, GOTCH & DOUGLAS


By:    s/ Michael F. Kinney
       Michael F. Kinney
       Michael K. Huffer
       8805 Indian Hills Drive, Suite 300
       Omaha, Nebraska 68114
       (402) 390-0300
       Fax: (402) 390-9676
       mkinney@ctagd.com
       mhuffer@ctagd.com

COUNSEL FOR DEFENDANT
PRATT & WHITNEY CANADA CORPORATION